UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| BOBBIE PETERSON FRANK, | ) | CASE NO. 4:06 CV 2158 |
| Plaintiff, | ) ) | JUDGE PETER C. ECONOMUS |
| v. | ) ) | |
| DAVE LOMAX, | ) ) | MEMORANDUM OF OPINION AND ORDER |
| Defendant. | ) ) | |

On September 7, 2006, plaintiff pro se Bobbie Peterson Frank, a prisoner at the Mahoning County Jail, filed this 42 U.S.C. § 1983 action against Youngstown Police Detective Sergeant Dave Lomax. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; Siller v. Dean, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000).

The complaint states in its entirety as follows:

> Detective/Sgt Dave Lomax ordered the following items destroyed: a (1) pair of black gloves, (2) hats and (1) blue jacket. All of these are evidence! in my case and that is tampering with evidence! from BCI

>Lab and I would like to get compensation for my thing.

A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudett, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278.

Further, legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see also, Place v. Shepherd, 446 F.2d 1239 (6th Cir. 1971) (conclusory section 1983 claim dismissed). Even liberally construed, the complaint does not contain allegations reasonably suggesting plaintiff might have a valid federal claim. See, Lillard v. Shelby County Bd. of Educ,, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

Accordingly, this action is dismissed under 28 U.S.C. § 1915A. Further, the court certifies, pursuant to 28 U.S.C. §

1915(a)(3), that an appeal from this decision could not be taken in good faith.

        IT IS SO ORDERED.

                                  <u>S/Peter C. Economous - 10/25/06</u>
                                  PETER C. ECONOMUS
                                  UNITED STATES DISTRICT JUDGE